#1392788                                                          1021-20275

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHORE OFFSHORE SERVICES, LLC** | **CIVIL ACTION: 18-cv-01288** |
| **VERSUS** | **SECTION "A"**<br>**JUDGE JAY C. ZAINEY** |
| **JAB ENERGY SOLUTIONS II, LLC** | **MAGISTRATE "4"**<br>**CHIEF MAGISTRATE JUDGE KAREN ROBY** |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Shore Offshore Services, LLC ("Shore"), respectfully requests leave of Court to file a Supplemental and Amended Complaint ("Amended Complaint") to clarify but a few factual allegations and remove Shore's earlier demand for a jury, thereby designating its claims under this Court's admiralty jurisdiction under Rule 9(h). In its original Complaint, Shore invoked this Court's admiralty jurisdiction alternatively with this Court's diversity jurisdiction, so the Amended Complaint does not seek to plead a new basis for jurisdiction. Similarly, Shore's Amended Complaint does not add additional parties or enlarge the claims. These are minor amendments that will not delay the progress of this case.

In accordance with Local Rule 7.6, Shore has sought consent from JAB to file its Amended Complaint and has provided a copy of the pleading to JAB's counsel, explaining the basis for the

amendment.[1] JAB has objected on the grounds that, "We do not believe that there are any new facts to warrant the filing of an amended complaint."[2]

Shore's Amended Complaint withdraws its jury demand by designating its claims under Rule 9(h), amends certain factual allegations, and amends its already-pleaded unjust enrichment claim to be asserted under the General Maritime Law, not Louisiana law as originally pleaded. JAB has not offered any objection to Shore's requested leave to designate Shore's claims under Rule 9(h) or assert its already-pleaded unjust enrichment claims under maritime law, but appears to object solely to Shore's Amended Complain insofar as it seeks to clarify by amendment the factual allegations in but a few paragraphs (no new paragraphs have been added).

As explained below, it would serve to be of benefit to the factfinder for Shore to be granted leave to clarify what are only a few factual allegations to correspond with developments in discovery to date. Specifically, the factual allegations that are being amended are largely to clarify the timeline of events leading up to the October 10, 2017, incident when Shore's crane malfunctioned. No new causes of action, no new parties, and no new theory of the case is being asserted in the Amended Complaint. Under these circumstances, JAB's objection is without, and for the reasons explained below, Shore has good cause for the amendment.

## 1. Law and Argument

Leave to amend pleadings should be freely granted by the court. *Operaciones Tecnicas S.A.S. v. Diversified Marine Serves, LLC*, No. 12-1979, 2016 U.S. Dist. LEXIS 172531, *4 (E.D. La. Dec. 14, 2016).[3] Even if the deadline for amendments to pleadings has passed under a Scheduling Order, which is the case here, leave to amend should still be granted if the movant can

---

[1] *See* email correspondence with JAB's counsel, attached hereto as Exhibit "A."
[2] *Id*.
[3] Per this Court's instruction in footnote 5 in Rec. Doc. 94, Shore has attached this opinion as Exhibit "B."

show good cause. *Id.* at \*4-5. To determine good cause, a Court considers: (1) the explanation for the failure to timely amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters. v. Southtrust Bank of Ala.* 315 F.3d 533, 536 (5th Cir. 2003). Courts have granted leave for parties to change the designation of a matter as being under admiralty and Rule 9(h) versus under diversity or some other grounds for jurisdiction. *Operaciones Tecnicas*, 2016 U.S. Dist. LEXIS 172531. Indeed, in a case where the plaintiff sought to change the case from a non-jury trial to a jury trial, the court has granted leave to amend to remove the 9(h) designation even where the case had been pending for many years noting that "the amendment does not fundamentally alter the nature of the case nor hinders the ability of the Defendants to prepare for trial." *Id.* at \*10.

Here, good cause exists. First, these amendments are important as they designate Shore's claims under Rule 9(h) and clarify facts in a mere few paragraphs in the original Complaint, which are a near verbatim restatement of Shore's Answers to JAB's Interrogatories regarding the timeline of events leading up to the 2017 incident. Thousands of pages of discovery have been produced by Shore, and Shore has in turn received thousands of pages in discovery from JAB. Review of those documents has in part formed the basis for clarifying the minor factual allegations in a few paragraphs Shore's Amended Complaint – documents that in large part Shore did not have when it originally filed its Complaint. For the Court's benefit, it should be noted that after receiving JAB's initial production and responses to Shore's written discovery to JAB, Shore filed a Motion to Compel Written Discovery from JAB on September 11, 2018.[4] U.S. Magistrate Judge Roby heard oral argument on Shore's Motion on October 10, who from the bench granted the Motion in large part and ordered JAB to amend its discovery responses and produce an extensive amount of

---

[4] See Rec. Doc. 23.

documentation within 14 days of a written Order.[5] That written Order was not circulated by the Clerk of Court until December 3, 2018, however.[6] JAB did not amend its discovery responses and produce the documents it was ordered to produce until December 17, 2018 – about one week ago. In part due to this delay, no depositions have been taken but are tentatively scheduled to take place in late January 2019, so there is no issue concerning witnesses having been examined already and the risk of needing re-examination. Given this and the delay in obtaining appropriate discovery responses from JAB that required a Court Order, Shore submits that its instant leave is not unnecessarily delayed.

Second, Courts have already held that a Rule 9(h) amending designation is self-evidently important because, for one, it decides who the factfinder will be, either judge or jury. *Operaciones Tecnicas*, 2016 U.S. Dist. LEXIS 172531, *10. As for the clarifying factual allegations contained in Shore's Amended Complaint to which JAB objects the timeline of events leading up to the October 10, 2017, incident is important, particularly in light of JAB's representations in other recent pleadings[7] of a litany of never-before-asserted complaints it now has about the condition of Shore's vessel involved in the decommissioning work.

Third, and most importantly, there appears to be no risk for prejudice with Shore's amendments. As the court noted in *Operaciones Tecnicas*, the difference between a judge and jury trial does not fundamentally affect how the case proceeds. In fact, the preparations for a jury trial are likely easier than the preparations for a judge trial. Furthermore, the Fifth Circuit has stated that even "the mere assertion of admiralty jurisdiction as a dual or alternate basis of subject matter

---

[5] See Rec. Doc. 83.
[6] *Id*.
[7] *See*, *e.g.*, Rec. Doc. 94, p. 3, wherein this Court noted that in JAB's Opposition Memorandum to Shore's earlier Motion for Partial Summary Judgment, "JAB posits a plethora of arguments" as to why Shore should not be paid for the work.

4

jurisdiction for a claim is sufficient to make a Rule 9(h) election." *Luera v. M/V ALBERTA*, 635 F.3d 181, 188-89 (5th Cir. 2011). Thus, it should be of no surprise that Shore now seeks to formally designate its claims under Rule 9(h) because admiralty jurisdiction was pleaded as a basis for jurisdiction in Shore's original Complaint. JAB is also not prejudiced by Shore's amendment of certain facts in the Complaint because those facts mirror Shore's discovery responses and clarify the timeline of events. With JAB having responded to Shore's Court-Ordered discovery as recently as December 17, it is not clear why JAB would object to Shore's preference to clarify factual allegations and JAB's stated basis in correspondence requesting consent for the instant leave does not enlighten the basis for JAB's objection. This is not a situation where Shore at the eleventh hour seeks to add additional parties or claims. Rather, Shore is amending its factual allegations that upon which, in part, based its original claims.

Fourth and finally, Shore's amendments will not require a continuance of trial as the fundamental claims asserted by Shore are the same, and trial does not commence until March 18, 2019.

Accordingly, because Shore has set forth the basis to sustain good cause for this amendment, and because it is well-settled that leave should be freely granted, Shore respectfully submits that this Motion be granted.

Respectfully submitted:

*/s/ Gavin H. Guillot*
Gavin H. Guillot, T.A. (#31760)
Elizabeth B. McIntosh (#36575)
**PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Gavin.Guillot@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR SHORE OFFSHORE
SERVICES, LLC AND MODERN
AMERICAN RECYCLING SERVICE, INC.**