UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHORE OFFSHORE SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 18-1288 |
| JAB ENERGY SOLUTIONS II, LLC | SECTION: T (4) |

# ORDER

Before the Court is a Motion for Jury Trial[1] filed by JAB Energy Solutions II, LLC ("JAB"). Shore Offshore Services, L.L.C. ("Shore") has filed an opposition.[2] For the following reasons, the motion is **DENIED.**

On February 8, 2018, Shore filed a complaint asserting claims against JAB for JAB's failure to pay Shore for work performed by Shore in 2017 based on a Master Services Agreement between Shore and JAB.[3] Shore pleaded two alternative bases of jurisdiction: maritime and diversity jurisdiction and demanded a jury.[4] On April 18, 2018, JAB filed an answer denying that Shore had the right to a jury.[5] JAB did not demand a jury in its answer.[6] JAB also filed a counterclaim against Shore as well as a third-party complaint against Modern American Recycling Service, Inc. ("MARS") without any jury demand.[7]

On December 24, 2018, Shore filed a Motion for Leave to File Supplemental and Amended Complaint that sought to clarify factual allegations, amend its unjust enrichment claim to be asserted under General Maritime Law, rather than Louisiana law, and make a 9(h) election to

---

[1] R. Doc. 183.
[2] R. Doc. 193.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 11.
[6] R. Doc. 11.
[7] R. Doc. 11.

remove its jury demand.[8] On February 14, 2019, the Court granted Shore Leave to File Supplemental and Amended Complaint, finding that Shore satisfied Rule 16's "good cause" requirements and satisfied the Rule 15(a) standard governing amendment of pleadings.[9] On February 26, 2019, JAB filed its Amended Answer, Counterclaim and Third Party Action in which it denied that Shore properly withdrew its jury demand, and further claimed that JAB relies upon Shore's prior jury demand.[10] On March 3, 2020, this Court ordered[11] the parties to brief the issue regarding whether the case should be tried to a jury.

JAB contends it is entitled to a jury trial because it relied upon Shore's prior jury demand.[12] However, the claims raised in JAB's counterclaim and third-party complaint are distinct from the claims raised in Shore's complaint, and JAB, therefore, cannot rely on Shore's original jury demand in its complaint. Under Fed. R. Civ. Proc. 38, JAB was required to file and serve a written jury demand within 14 days from the last pleading directed to that issue, in this case that would have been Shore's answer to the counterclaim and MARS' answer to the third-party complaint filed in 2018. Because JAB did not file and serve a written jury demand within that time period, JAB has waived its right to a jury on its counterclaim and third-party complaint. Additionally, JAB did not demand a jury trial in its counterclaim against Shore or in the third-party complaint against MARS. Finally, JAB contends that Shore did not make a Rule 9(h) designation.[13] However, Chief Magistrate Judge Roby decided this issue when she allowed Shore to redesignate this action as a Rule 9(h) case.[14] Therefore, the Court finds that JAB is not entitled to a jury trial in this action.

---

[8] R. Doc. 96.
[9] R. Doc. 123.
[10] R. Doc. 145.
[11] R. Doc. 181.
[12] R. Doc. 183.
[13] R. Doc. 183.
[14] R. Doc. 145.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Jury Trial[15] filed by JAB Energy Solutions II, LLC is **DENIED.**

**New Orleans, Louisiana**, on this 25th day of August, 2020.

                                      **GREG GERARD GUIDRY**
                                  **UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 183.